UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHELLE MARKCUM and**
**JOHN MARKCUM,**

    Plaintiffs,

v.                                                                          Case No.  8:10-cv-1857-T-30EAJ

**UNITED STATES OF AMERICA,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant United States of America's Motion to Dismiss (Dkt. 6) and Plaintiffs' Response in opposition (Dkt. 8).  Upon consideration, the Court concludes the motion should be granted.

This action arises out of personal injuries sustained by Plaintiff Michelle Markcum on November 20, 2008, while at a United States Postal Service facility in Dunedin, Florida.  Defendant moves to dismiss the claims raised by Plaintiff John Markcum for lack of subject matter jurisdiction because he failed to exhaust his administrative remedies.  John Markcum brings his claims pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680.  Under the FTCA, plaintiffs are required to participate in an administrative process with the relevant Federal agency prior to filing suit.  28 U.S.C. § 2675(a).  "This requirement is jurisdictional, and failure to exhaust administrative remedies prevents judicial review of a tort claim against the United States."  *Scarbrough v. Astrue*, 327 Fed. Appx. 827, 829 (11th

Cir. 2009) (*citing Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008)).

Markcum admits that he did not file his own administrative claim nor is he named on his wife's claim. He argues, however, that his claims here are derivative of his wife's administrative claim, which was submitted to the Postal Service and ultimately denied through the administrative process. Markcum asserts that his wife's claim to the Postal Service was sufficient to put the Defendant on notice of his claims as well. However, "[t]he FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government." *Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006) (emphasis in original). "One person cannot file a prerequisite administrative tort claim for another person." *Boccio v. United States*, 2009 WL 1767614, 3 (M.D.Fla. 2009) (*quoting Walker v. United States*, 471 F.Supp. 38, 42 (M.D. Fla. 1978)). Therefore, Michelle Markcum's administrative claim cannot serve as the required prerequisite to suit for John Markcum's claim. This Court lacks jurisdiction over John Markcum's claim and his claim must be dismissed.

John Markcum also notes that following the filing United States' motion to dismiss, he submitted his own administrative claim to the Postal Service. This late submission does not give this Court jurisdiction at this time because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Markcum is therefore barred from

bringing his claims in federal court until he has gone through the entire administrative process.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant United States of America's Motion to Dismiss (Dkt. 6) is GRANTED.

2. Any claim of Plaintiff John Markcum is dismissed without prejudice and John Markcum is dismissed as a party to this action.

**DONE** and **ORDERED** in Tampa, Florida on February 8, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-1857.mtd 6.frm